(94 South. 519)

McCORD v. HAWKINS et al. (7 Div. 271.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

**1. Appeal and error ⊕⟿1011(1)—Findings on conflicting evidence not disturbed.**

Where the evidence is in direct conflict as to whether an appeal and supersedeas bond sought to be substituted has in fact been lost, the finding of the trial court, after the taking of oral testimony, will not be overruled on appeal.

On Rehearing.

**2. Appeal and error ⊕⟿931(1)—Presumptions of correctness attend lower court's conclusions.**

A presumption of correctness attends the lower court's conclusions.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Petition by Z. D. McCord, claimant to property subject to execution on judgment rendered in action between Cleve Hawkins and others, and one Bridges, to substitute lost appeal and supersedeas bond. From a judgment overruling the motion, petitioner appeals. Affirmed.

W. M. Lackey, of Ashland, James W. Strother, of Dadeville, John A. Darden, of Goodwater, and James J. Mayfield, of Montgomery, for appellant.

The petitioner had the right to have the appeal and supersedeas bond substituted as prayed. Even without the statute, courts have inherent power to substitute their records. Code 1907, §§ 5739, 5740; 11 Ala. 629; 8 Port. 303. A judgment or decree of substitution means only that such a record existed, and was lost or destroyed, and that it should be replaced; and the substitution in such case is to be made on the best evidence of failure. 50 Ala. 358. Where a trial is had, and judgment rendered by the judge without a jury, on appeal the judgment and findings come to the Supreme Court without any presumption of their correctness. Acts 1915, p. 939; 153 Ala. 274, 45 South. 229.

Riddle & Riddle, of Talladega, for appellees.

The evidence is overwhelming that no appeal bond was ever filed.

McCLELLAN, J. This is an appeal (Code, §§ 5739, 5740, 5744) from an order of the cir-

cuit court refusing petition to substitute alleged lost appeal and supersedeas bond averred to have been seasonably accepted by, and filed with, the circuit clerk by Z. D. McCord, petitioner, who was the claimant of certain property subjected to levy of execution under judgment rendered for plaintiffs in the cause of Hawkins and others against Bridges; the forfeiture of petitioner's claim bond was returned by the sheriff; and the phase of the prayer seeking the quashal of the execution is predicated alone of the petitioner's contention that the bond was, in fact, effective to preclude the rightful return by the sheriff of the forfeiture of the claim bond; and hence precluded the valid issuance of the execution mentioned.

On hearing of the petition, the evidence being delivered by the witness upon oral examination, the court thus decided the primary issue:

" * * * The court is of the opinion that the claimant [the present appellant] is not entitled to have substituted the alleged appeal and supersedeas bond, the court being of the opinion from the evidence, and so finding, that no such appeal and supersedeas bond was ever filed with the clerk of the circuit court in said cause, and that no bond has been lost or destroyed."

[1] The evidence upon this issue was in conflict. There was evidence designed to invite the conclusion expressed by the court after taking the testimony and with the advantage of the opportunity to observe the witnesses. According appropriate effect to the rule on review in such circumstances, this court cannot affirm error of the view prevailing in the trial court. 13 Mich. Dig. Ala. Rep. p. 167, collating some of the later decisions.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. [2] The application for rehearing relies upon Railroad Co. v. Musgrove, 153 Ala. 274, 45 South. 229, in which it was held that, under the Walker County Act (Loc. Laws 1900-01, p. 116, § 16), there cited no presumption of correctness attended the conclusion of the trial court where the evidence was taken on oral examination of the witnesses. That decision has not been since cited on the point. In very numerous cases, since decided, the view there expressed has been repeatedly repudiated (13 Mich. Dig. supra); and hence that decision has been long in effect overruled.

The rehearing is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.